**Steven Robert JAFFE, Plaintiff–Appellant,**

v.

**COUNTY OF SANTA CLARA; et al., Defendants,**

and

**Susan Murphy; et al., Defendants–Appellees.**

No. 04–15768.

D.C. No. CV–03–00137–MJJ.

United States Court of Appeals, Ninth Circuit.

---

Submitted Sept. 12, 2005.*

Decided Sept. 20, 2005.

---

Steven Robert Jaffe, COSP-SATF California Substance Abuse Treatment Facility Corcoran Facilities ASU1 "A" & "B", Corcoran, CA, for Plaintiff-Appellant.

Melissa R. Kiniyalocts, San Jose, CA, for Defendant-Appellee.

Before REINHARDT, RYMER, and HAWKINS, Circuit Judges.

MEMORANDUM**

Former county jail inmate Steven Robert Jaffe appeals pro se the district court's dismissal of his action without prejudice for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a). We have jurisdiction under 28 U.S.C. § 1291. We review the district court's determination that a prisoner failed to exhaust de novo and its findings of fact for clear error. *Ngo v. Woodford,* 403 F.3d 620, 622 (9th Cir.2005). We vacate and remand.

The Santa Clara County Jail System provides a three-step grievance process. The final step is to appeal a grievance response by directing a letter to the appropriate Facility or Division Commander who "will either affirm or reverse the decision and will give you a written response within one week." The district court found that Jaffe failed to complete the administrative process because he did not write an appeal letter to the appropriate commander. Jaffe, however, contends that he completed the process when he received his grievance form with the signature of the "Facility Commander/Designee," concurring with the response provided by Support Service. We find Jaffe's position persuasive. Given that the final step of the grievance process culminates in either a concurrence or reversal by the Facility or Division Commander, once Jaffe received a concurrence by the "Facility Commander/Designee," there were no further remedies for Jaffe to seek. *See Ngo,* 403 F.3d at 625 (noting that the prisoner exhausted all available administrative remedies "because he could go no

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

further in the prison's administrative system; no remedies remained available to him").

Accordingly, we vacate the district court's dismissal based on failure to exhaust administrative remedies and remand for consideration of the merits of the case.

**VACATED and REMANDED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Jeremy D. Fogel, United States District Judge for the Northern District of California, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.